330

## Richard Villeneuve and Ardelle Villeneuve v. Nathan Powers and Marjory Powers

[609 A.2d 994]

No. 91-389

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 10, 1992

*David C. Drew* and *Veronica Ciambra*, Lyndonville, for Plaintiffs-Appellants.

*L. Randolph Amis* of *Wiener & Amis, P.C.*, Burlington, for Defendants-Appellees.

**Gibson, J.** Plaintiffs brought an action seeking damages for defendants' failure to remove a beaver dam on their adjoining property in Underhill. The trial court dismissed the action. We reverse and remand.

Plaintiffs' property is located upstream from defendants' property. A stream running through both properties had been blocked by a beaver dam located on defendants' property, and plaintiffs claimed that the dam caused the stream level to rise and flood, causing damage to their property. Plaintiffs requested that defendants remove the dam or allow plaintiffs to do so, but the requests were refused. Plaintiffs thereafter brought the present action, based on theories of negligence,

nuisance, trespass, and interference with riparian rights. Defendants argued at trial that they were not required to remove the dam under any legal theory, and denied that any damages had occurred. Defendants also argued that plaintiffs were required by 10 V.S.A. App. § 43(e)* to obtain a permit from the Fish and Wildlife Commissioner to remove the dam and did not do so, thereby barring the present action.

The trial court granted defendants' motion for summary judgment, concluding that § 43(e) superseded all common-law theories of recovery. The court reasoned that both defendants and plaintiffs would need a permit to remove the dam—defendants, since they would not have been acting to protect their own property, and plaintiffs, since they were not an "owner of property" within the meaning of the statute. The court concluded, however, that in the present action the statute relieved defendants of any common-law duty to plaintiffs to act with respect to the dam:

> It was not necessary for the defendants to obtain the permit to remove the dam, since the plaintiffs could have obtained a permit and removed it themselves. Nor can it be found that defendants had a duty to act, for one can have no duty to act when one needs a permit to perform the act. Thus, defendants were not negligent. Defendants similarly cannot be found to have acted recklessly, under [10 V.S.A. App. § 43(e)], as plaintiffs assumed the risk of the flooding by not taking the permit action themselves.

The present appeal followed.

■    The trial court concluded in effect that plaintiffs' common-law rights were abrogated by § 43(e) and that plaintiffs were left to their statutory remedies, which they should have

---

* 10 V.S.A. App. § 43(e) states:
  § 43 Method of taking
  . . . .
  (e) A person shall not interfere in any manner with dams, dens, or houses of beaver except upon special permit in writing from the commissioner, provided, however, that these provisions shall not apply to an owner of property, his employee, tenant, or caretaker protecting the same from damage by beaver, or to the selectmen of a town protecting public highways or bridges from such damage or submersion, with permission of the owners of lands affected.

pursued. But there is nothing in the text of § 43(e) that denotes or implies abrogation of common-law actions, and we have no reason to assume that it overrode preexisting common-law rights. We stated in *Langle v. Kurkul*, 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986), "The common law is changed by statute only if the statute overturns the common law in clear and unambiguous language, or if the statute is clearly inconsistent with the common law, or the statute attempts to cover the entire subject matter." Also, in *Record v. State Highway Board*, 121 Vt. 230, 236–37, 154 A.2d 475, 480 (1959), we held that, in construing a statute, "we are not to presume that the [L]egislature intended to work any change in the common law beyond what the statute itself declares in either express terms, or by unmistakable implication."

In the present case, none of the *Langle v. Kurkul* factors support an inference that the Legislature intended to override the common law. As for the language of the statute, its explicit purpose is to protect beaver habitat from destruction without a permit from the commissioner, with an exception, in the case of private property, for acts by an "owner of property" suffering damage from a beaver dam. The statute does not charge the commissioner with deciding the tort and riparian rights issues that could arise in such matters, and no procedures are provided for their determination. Moreover, the statute does not provide for remedies or allow entry of judgments appropriate to common-law actions. The statute limits the role of the commissioner to the permit process, and the standards for granting a permit may well be different from those to be applied by a court in a common-law action, where issues and interests beyond those involved in a § 43(e) permit application may be raised.

Nor does the statute "attempt[] to cover the entire subject matter." *Langle*, 146 Vt. at 516, 510 A.2d at 1303. The court correctly stated that plaintiffs were under a duty to obtain a § 43(e) permit prior to seeking to remove the beaver dam themselves, but it does not follow that plaintiffs were required to limit their remedies to those available within the statutory permit process. The statute is prohibitory in nature, subject to an exception for an owner of property. Obtaining the approval of the commissioner to waive the bar of § 43(e) would not have authorized plaintiffs as adjacent landowners to enter their

neighbor's property without permission. Plaintiffs have alleged that they sought such permission and were denied. If the statute were the sole remedy in cases like the present one, in lieu of common-law theories, it appears that money damages would be unavailable to owners of property damaged by a beaver dam on adjoining land, since § 43(e) does not provide for money damages. The statute should not be read to effect such a significant change in the law by implication.

Defendants argue that the trial court's conclusion as to the preemptive effect of § 43(e) was correct, since they read § 43(e) to require *them* to obtain a permit from the commissioner before removing the dam, absent damage to *their* property. They rely on the court's conclusion that "one can have no duty to act when one needs a permit to perform the act."

We disagree that the need for a permit precludes a duty to act. Rather, if a permit is required before an act may be performed, then obtaining the permit is simply the first step in performing the act. We need not decide whether defendants would have to obtain a permit to remove the dam, however, because they never approached the commissioner and have denied that plaintiffs' property was damaged. The questions raised by plaintiffs' common-law claims are whether defendants have a duty to remove the dam and whether they owe plaintiffs' damages for their failure to do so. Only if the commissioner were to deny defendants a permit would a question arise as to the reasonableness of their next steps.

Even if defendants are required to proceed under § 43(e) before removing the dam on their property, they offer no reason why that requirement absolves them of duties they might otherwise owe plaintiffs under the common law. The question of who could, or should, have obtained the commissioner's approval for removal of the dam is separate from the issue of who had the primary common-law duty to address the potentially damaging effects of the beaver dam. It is not uncommon for courts to sort out similar conflicts or apparent conflicts between common-law rights and statutory or regulatory requirements. See, e.g., *Murray v. Inhabitants of Town of Lincolnville*, 462 A.2d 40, 43 (Me. 1983) (contract for sale of land subject to purchasers' obtaining environmental and zoning permits remained enforceable notwithstanding statute barring sale of land in subdivision prior to approval by reviewing authority).

In sum, in the absence of statutory intent in § 43(e) to substitute an administrative permit process for existing common-law actions, the need for an administrative permit to remove a beaver dam did not by itself relieve defendants of whatever common-law duty they might have to plaintiffs with respect to the beaver dam on their property. The court erred in dismissing plaintiffs' action as a matter of law.

Since this action was decided on defendants' motion for summary judgment, we need not address the question of which, if any, of plaintiffs' common-law theories apply to the present facts.

*Reversed and remanded.*